NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Dean W. SCHOMBURG,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DOW JONES & CO. and INDEPENDENT ASSOCIATION OF PUBLISHERS' EMPLOYEES, CWA LOCAL 1096, AFL-CIO, CLC,<br><br>　　　　　Defendants. | Civ. No. 11-3410<br><br>MEMORANDUM ORDER |

THOMPSON, U.S.D.J.

　　　　This matter has come before the Court on Defendant Dow Jones & Co.'s ("Dow Jones" or "Defendant") Motion to Dismiss [docket # 9] brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Dow Jones argues that Plaintiff's claims are all time-barred. Plaintiff Dean Schomburg, *pro se*, opposes this motion through what he has fashioned as a Note of Motion for Supplemental Pleading Asserting a Counterclaim of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 13(e) [12]. Construing Plaintiff's motion papers liberally, the Court will treat Plaintiff's papers as a cross-motion to amend. The Court has decided these motions after considering all of the parties submissions and without oral arguments pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's claims against Dow Jones will be dismissed.

　　　　I.　　BACKGROUND

　　　　This matter arises out of the termination of Plaintiff's employment with Dow Jones. For purposes of deciding this motion, the Court will accept as true all of Plaintiff's well-pleaded

1

factual allegations, including those contained in the cross-motion to amend.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).[1]

Plaintiff was terminated from his position at Dow Jones on November 14, 2008.  (Pl.'s Cross-Mot. at 15).  Shortly thereafter, Plaintiff, through his then-attorney, filed a request with his labor union, Defendant International Association of Publishers' Employees, CWA Local 1096, AFL-CIO, CLC ("IAP" of "the Union"), asking that a grievance be filed on Plaintiff's behalf.  (*Id.*).  On December 23, 2008, the Union filed a grievance on Plaintiff's behalf against Dow Jones.  (*Id.*).  Then, on February 3, 2009, Dow Jones responded to the grievance claim by stating that it was not timely filed and lacked substantive merit.  (*Id.* at 15–16).  Following Defendant's denial, the Union withdrew the grievance filed on behalf of Plaintiff and ceased assisting Plaintiff in pursuing his grievance.  (*Id.* at 16).  After attempting to make use of the dispute resolution process provided for union members and Down Jones pursuant to the collective bargaining agreement (CBA), Plaintiff filed charges on June 15, 2009 with the New Jersey Division of Civil Rights alleging age and race discrimination.

In his Original Complaint, Plaintiff admits that he received his right-to-sue letter on March 8, 2011.  (Compl., ¶ 8) [1].  Plaintiff's Amended Complaint, however, is silent on this issue.  (*See* Am. Compl.) [5].  In his cross-motion to amend, Plaintiff argues he did not actually receive his right-to-sue letter until March 18, 2011.  (Pl.'s Cross-Mot., at 6).  Although leave to amend should be freely given in most instances, a plaintiff is not permitted to take a contrary position to an allegation contained in a complaint in order to avoid dismissal.  *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) ("Although [Plaintiff's] attempt to salvage its [] claim now requires it to take a contrary position, the allegation in the amended complaint is a binding judicial admission."); *see also Parilla v. IAP Worldwide Serv.,*

---

[1] Only those facts pertinent to the pending motions will be discussed.

*VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004) (collecting cases) (same). Therefore, Plaintiff cannot avoid the fact that he received his right-to-sue letter on March 8, 2011. This admission is binding.

### II. LEGAL STANDARD

#### a. Leave to Amend

It has been the accepted and encouraged policy that courts should liberally grant leave to amend pleadings when justice so requires. *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir. 1990). The determination of a motion to amend falls within the discretion of the trial court and is guided by Fed. R. Civ. P. 15(a). *Foman*, 371 U.S. at 182.

When the movant's request to amend is "a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Therefore, before dismissing a complaint under Rule 12(b)(6), "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). An amended complaint is "futile" if it would still fail to state a claim for relief under the Rule 12(b)(6) standard. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

#### b. Motion to Dismiss

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ---

3

, 129 S. Ct. 1937, 1947 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.  *Fowler*, 578 F.3d at 210–11.  But, the court should disregard any conclusory allegations proffered in the complaint.  *Id.*  Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1949).  This requires more than a mere allegation of an entitlement to relief.  *Id.*  "A complaint has to 'show' such an entitlement with its facts."  *Id.*  A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged.  *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).  Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief.  *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194).

### III. ANALYSIS

Dow Jones contends that construing Plaintiff's Amended Complaint as liberally as possible, Schomburg has alleged four different causes of action, including the following: (1) age discrimination and "involuntary retirement" under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*; (2) retaliatory discharge relating to union activity in violation of the National Labor Relations Act (NLRA), 29 U.S.C. § 158; (3) racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; and (4) wrongful discharge in violation of a collective bargaining agreement by Dow Jones and breach of the duty of fair representation by IAP, both under the Labor Management Relations Act (LMRA), 29 U.S.C. § 151, *et seq*.  (Def.'s Br. at 1).  Plaintiff does not appear to argue with this characterization of his claims.  After reviewing the Amended Complaint, the Court agrees that Defendant's characterization of the claims pled by Plaintiff, construed in light most favorable to

Plaintiff, is accurate. Moreover, the Court has examined Plaintiff's cross-motion to amend and it does not appear as though Plaintiff has attempted to plead any additional causes of action.[2] Defendant claims that each of the claims alleged against it are barred by the statute of limitations or otherwise not actionable. The Court agrees.

    A. <u>AEDA and TITLE VII</u>

Under both Title VII and the AEDA, before filing a claim in federal court, a plaintiff must first file a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). *See Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999) (citation omitted); *see also* 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5. Once the EEOC chooses not to take action on a charge, it will provide a right-to-sue letter to the complainant. Then, a plaintiff has 90 days to file a civil action. *See Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001); *see also* 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1). This 90-day window is treated as a statute of limitations, *see Zipes v. Trans World Airways, Inc.*, 455 U.S. 385, 393 (1982); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999), and it begins to run on the date that the complainant receives the right-to-sue letter, *see Burgh*, 251 F.3d at 470. The United States Court of Appeals for the Third Circuit has "strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Id.* (citing *Figueroa*, 188 F.3d at 176).

In this case, as explained above, Plaintiff received his right-to-sue letter on March 8, 2011. Therefore, his claim must have been filed by June 6, 2011. Unfortunately for Plaintiff, he did not file his original Complaint until seven days later on June 13, 2011. Because this was not

---

[2] The Court notes that Plaintiff makes several references to detrimental reliance throughout his moving papers. The Court, however, does not construe Plaintiff's Amended Complaint to raise a claim for equitable estoppel. There is no indication that Plaintiff suffered any detriment other than the loss of his job or that Plaintiff acted in any way upon Defendant's alleged misrepresentations.

within the statutorily prescribed window, Plaintiff's ADEA and Title VII claims must be dismissed.

### B. NLRA

The NLRA "gives no authority for any proceeding by a private person or group, or by any employee or group of employees . . . ." *Amalgamated Util. Workers (C.I.O.) v. Consol. Edison Co. of N.Y.*, 309 U.S. 261, 266 (1940); *see also* 29 U.S.C. § 160.  Therefore, to the extent that Plaintiff raises any claims under the NLRA, those claims are not actionable in this Court by Plaintiff.  Moreover, to the extent that Plaintiff would otherwise have redress under the NLRA by filing a charge with the National Labor Relations Board, § 160(b) makes clear that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board . . . ." 29 U.S.C. § 160(b).  The alleged unfair labor practices in this case took place over two years before the filing of the original Complaint.  Therefore, if this Court had jurisdiction over these claims, which it does not, they would also be time-barred.

### C. LMRA

Section 301 of the LMRA provides a federal cause of action against a party who violates a provision of a CBA between an employer and a union.  29 U.S.C. § 185(a).  Through this provision, "Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules." *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962).  To the extent that Plaintiff may allege any state-law cause of action for Defendant's violation of the CBA, those claims are preempted by the LMRA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220–21 (1985).

A claim brought under the LMRA must be filed within a six-month period from the date of the breach or else be barred by the statute of limitations. *See DelCostello v. Int'l Bhd. of*

*Teamsters*, 462 U.S. 151 (1983); *Vadino v. A. Valley Engineers*, 903 F.2d 253, 260 (3d Cir. 1990) (holding that the six month statute of limitations was applicable to claims by an employee against an employer alleging breach of the collective bargaining agreement). Here, the alleged breach occurred in the fall of 2008. Again, however, suit was not filed until June 2011, clearly outside the permitted six-month time frame. Therefore, Plaintiff's LMRA claim must be dismissed.

### IV.  CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendant Dow Jones must be dismissed. Even accepting the additional facts alleged in Plaintiff's Cross-Motion to Amend, Plaintiff's Amended Complaint would still be subject to dismissal. Therefore, Plaintiff's proposed amendments to its Amended Complaint would be futile as they apply to Dow Jones.

Accordingly, IT IS on this 27th day of March, 2012

ORDERED that Defendant Dow Jones & Co.'s Motion to Dismiss [9] is GRANTED; and it is

ORDERED that Plaintiff Dean Schomburg's Cross-Motion to Amended [12] is DENIED as it applies to Dow Jones & Co. because it is futile; and it is

ORDERED that all claims against Dow Jones & Co. are DISMISSED.

        */s/ Anne E. Thompson*
        ANNE E. THOMPSON, U.S.D.J.