NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| Dean W. SCHOMBURG,<br><br>                    Plaintiff,<br><br>v.<br><br>DOW JONES & CO. and INDEPENDENT ASSOCIATION OF PUBLISHERS' EMPLOYEES, CWA LOCAL 1096, AFL-CIO, CLC,<br><br>                    Defendants. | Civ. No. 11-3410<br><br>MEMORANDUM ORDER |

THOMPSON, U.S.D.J.

        This matter has come before the Court on Defendant Independent Association of

Publishers' Employees, CWA Local 1096, AFL-CIO, CLC's ("CWA Local 1096" or "the

Union") Motion to Dismiss [docket # 13] brought pursuant to Federal Rule of Civil Procedure

12(b)(6).  CWA Local 1096 argues that Plaintiff's claim against the Union is time-barred.  On

March 27, 2012, the Court issued a Memorandum Order [15] granting Dow Jones & Co.'s

("Dow Jones") Motion to Dismiss.  In that Memorandum Order, the Court construed Plaintiff's

motion papers liberally and treated them as a Cross-Motion to Amend.  (*See* Mem. Order of Mar.

27, 2012 at 1).  The Court, however, denied this Cross-Motion as it applied to Dow Jones

because granting the motion would be futile.  (*See id.* at 7).  The Court will again treat Plaintiff's

papers filed at docket number 12 as a Motion to Amend for purposes of resolving the Union's

pending Motion to Dismiss.  After considering all of the parties' submissions and without oral,

the Court has decided these motions.  For the following reasons, Plaintiff's claim against CWA

Local 1093 will be dismissed.

## I.     BACKGROUND

This matter arises out of the termination of Plaintiff's employment with Dow Jones.  For purposes of deciding this motion, the Court will accept as true all of Plaintiff's well-pleaded factual allegations, including those contained in the motion to amend.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).[1]

Plaintiff was terminated from his position at Dow Jones on November 14, 2008.  (Pl.'s Cross-Mot. at 15) [12].  Shortly thereafter, Plaintiff, through his then-attorney, filed a request with his labor union, CWA Local 1096, asking that a grievance be filed on Plaintiff's behalf.  (*Id.*).  On December 23, 2008, the Union filed a grievance on Plaintiff's behalf against Dow Jones.  (*Id.*).  Then, on February 3, 2009, Dow Jones responded to the grievance claim by stating that it was not timely filed and lacked substantive merit.  (*Id.* at 15–16, Ex. L).[2]  Following Defendant's denial, the Union withdrew the grievance filed on behalf of Plaintiff and ceased assisting Plaintiff in pursuing his grievance.  (*Id.* at 16).  In accordance with the collective bargaining agreement (CBA) that existed between the Union, its members, and Dow Jones, CWA Local 1093 had six months to move the formally denied grievance into arbitration.  (Chapman Cert., Ex. C, at Art. XI, ¶ D.4) [9-3].  The Union, however, declined to arbitrate this matter on behalf of Plaintiff.  (Pl.'s Cross-Mot., Ex. N).

## II.     LEGAL STANDARD

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.

---

[1] Only those facts pertinent to the pending motions will be discussed.

[2] Although a court generally does not take into consideration documents outside of the pleadings when deciding a motion to dismiss, consideration of a document that forms the basis of a claim or that is "integral to or explicitly relied upon in the complaint" is appropriate.  *See, e.g., In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted).  Therefore, the Court deems it appropriate to rely on the CBA governing the relationship between the Union, Dow Jones, and Plaintiff, as well as the denial of grievance letter received from Dow Jones and the letter from CWA Local 1039 indicating that it was withdrawing the grievance filed on Plaintiff's behalf.

2005).  When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis.  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.  *Fowler*, 578 F.3d at 210–11.  But, the court should disregard any conclusory allegations proffered in the complaint.  *Id.*  Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  This requires more than a mere allegation of an entitlement to relief.  *Id.*  "A complaint has to 'show' such an entitlement with its facts."  *Id.*  A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged.  *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).  Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief.  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

On a Rule 12(b)(6) motion, a district court may take into consideration an affirmative defense if such a defense "presents an insuperable barrier to recovery by the plaintiff."  *Flight Sys. v. Elec. Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997) (citing *Continental Collieries v. Shober*, 130 F.2d 631, 635–36 (3d Cir. 1942)).  This defect in the plaintiff's claim, however, must "appear on the face of the pleading."  *Continental Collieries*, 130 F.2d at 635–36; *see also Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005) (stating that this requirement is "critical").  When a Rule 12(b)(6) motion is based on an affirmative defense, a fact that is left out of the complaint but that is necessary proof required to prevail on the basis of that affirmative defense will be fatal to the

defendant's motion.  *See, e.g., Dragotta v. W. View Sav. Bank*, 395 F. App'x 828, 831 (3d. Cir. 2010).

### III.    ANALYSIS

As noted in the Court's Memorandum Order of March 27, 2012, construing Plaintiff's Amended Complaint and Motion to Amend as liberally as possible, Plaintiff has alleged four different causes of action, only one of which is raised against the Union.  (*See* Mem. Order of Mar. 27, 2012 at 4).  Plaintiff alleges against the Union a claim under the Labor Management Relations Act (LMRA), 29 U.S.C. § 151, *et seq.*, for a breach of the duty of fair representation. Plaintiff has not disputed this characterization of his claims.  (*See* Mem. Order of Mar. 27, 2012 at 4).  More specifically, Plaintiff has alleged a claim under § 301 of the LMRA against both Dow Jones and the Union, which is referred to as a "hybrid § 301/fair representation claim." *See, e.g.*, *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983).  A six-month statute of limitations period applies to such claims.  *See id.* at 169–71.

On the face of the Motion to Amend, it is readily apparent that Plaintiff's claims are barred by the statute of limitations.  As the Court noted in its previous Memorandum Order, Plaintiff's cause of action under the LMRA was asserted well outside the statute of limitations. (*See* Mem. Order of Mar. 27, 2012 at 5–6).  Construing Plaintiff's claims in the light most favorable to him, a claim against the Union must have been brought by February 3, 2010—six months after the Union would have been required to submit Plaintiff's dispute to arbitration on August 3, 2009.  Suit was not filed in this case until June 13, 2011, and the Union was not named as a party until January 6, 2012 when Plaintiff filed an Amended Complaint [5].  Therefore, Plaintiff's LMRA claim against the Union must be dismissed.

4

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendant CWA Local 1039 will be dismissed because it is barred by the statute of limitations.  Even accepting the additional facts alleged in Plaintiff's Cross-Motion to Amend, Plaintiff's Amended Complaint would still be subject to dismissal.  Therefore, Plaintiff's proposed amendments to its Amended Complaint would be futile as they apply to the Union.

Accordingly, IT IS on this 19th day of April, 2012

ORDERED that Defendant Independent Association of Publishers' Employees, CWA Local 1096, AFL-CIO, CLC's Motion to Dismiss [13] is GRANTED; and it is

ORDERED that Plaintiff Dean Schomburg's Cross-Motion to Amend [12] is DENIED because it is futile; and it is further

ORDERED that all claims against Defendant Independent Association of Publishers' Employees, CWA Local 1096, AFL-CIO, CLC are hereby DISMISSED.


                                                    /s/ Anne E. Thompson
                                                    ANNE E. THOMPSON, U.S.D.J.