NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Dean W. SCHOMBURG,

               Plaintiff,

v.

DOW JONES & CO. and INDEPENDENT
ASSOCIATION OF PUBLISHERS'
EMPLOYEES, CWA LOCAL 1096, AFL-
CIO, CLC,

               Defendants.

Civ. No. 11-3410

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

      This matter has come before the Court on what Plaintiff Dean Schomburg has styled as a Pleading Claiming Equitable Tolling and Seeking a Court Order for Reconsideration of Memorandum Order Granting Defendant's Motion to Dismiss [18]. Construing the Plaintiff's *pro se* submissions liberally, the Court will treat Plaintiff's brief as a Motion for Reconsideration filed pursuant to Local Civil Rule 7.1. Specifically, Plaintiff asks the Court to reconsider its Memorandum Order of March 27, 2012, in which the Court dismissed Plaintiff's claims against Defendant Dow Jones & Co. ("Dow Jones") as barred by the statute of limitations and denied Plaintiff's cross-motion to amend as futile. (*See* Mem. Order of Mar. 27, 2012) [15]. Dow Jones opposes this pending motion [20]. For the following reasons, Plaintiff's motion will be denied.

    **I.**      **BACKGROUND**

      Plaintiff brought suit in this matter against his former employer, Dow Jones, and his former labor union, Independent Association of Publishers' Employees, CWA Local 1096, AFL-CIO, CLC's ("the Union"), alleging claims arising under: (1) the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*; (2) the National Labor Relations Act

(NLRA), 29 U.S.C. § 158; (3) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§ 2000e, *et seq.*; and (4) the Labor Management Relations Act (LMRA), 29 U.S.C. § 151, *et seq.*

On March 27, 2012, the Court granted Dow Jones' motion to dismiss, ruling that all of Plaintiff's

claims against Dow Jones are barred by the statute of limitations.[1]  (*See* Mem. Order of Mar. 27,

2012).  In regard to Plaintiff's ADEA and Title VII claims, the Court held that Plaintiff's

admission that he received his right-to-sue letter on March 8, 2011 was binding.  In its

Memorandum Order, the Court stated:

> In his Original Complaint, Plaintiff admits that he received his right-to-sue letter
> on March 8, 2011.  (Compl., ¶ 8) [1].  Plaintiff's Amended Complaint, however,
> is silent on this issue.  (*See* Am. Compl.) [5].  In his cross-motion to amend,
> Plaintiff argues he did not actually receive his right-to-sue letter until March 18,
> 2011.  (Pl.'s Cross-Mot., at 6).  Although leave to amend should be freely given in
> most instances, a plaintiff is not permitted to take a contrary position to an
> allegation contained in a complaint in order to avoid dismissal.  *See Sovereign*
> *Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) ("Although
> [Plaintiff's] attempt to salvage its [] claim now requires it to take a contrary
> position, the allegation in the amended complaint is a binding judicial
> admission."); *see also Parilla v. IAP Worldwide Serv., VI, Inc.*, 368 F.3d 269, 275
> (3d Cir. 2004) (collecting cases) (same).  Therefore, Plaintiff cannot avoid the fact
> that he received his right-to-sue letter on March 8, 2011.  This admission is
> binding.

(Mem. Order of Mar. 27, 2012, at 2–3).  In so ruling, the Court rejected Plaintiff's argument that

he should be able to avoid the consequences of this judicial admission (1) because he was

intimidated by the prospect of proceeding as a *pro se* litigant, (2) because he unintentionally

omitted a digit in filing his original complaint, and (3) because flooding, which eventually lead

to a state of emergency being declared by Governor Chris Christy on the day after Plaintiff

admitted to receiving his right-to-sue letter, should equitably toll the statute of limitations.

---

[1] In a separate Memorandum Order of April 20, 2012, the Court dismissed all of Plaintiff's claims against the Union,
again ruling that Plaintiff's claims are barred by the statute of limitations.  (*See* Mem. Order of Apr. 20, 2012) [21].

## II.   LEGAL STANDARD

Reconsideration is an extraordinary remedy that is to be granted "very sparingly."

*Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002).

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for

reconsideration may be based on one of three separate grounds: (1) an intervening change in

controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law

or prevent manifest injustice.  *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d

Cir. 1995).

A motion for reconsideration is not an opportunity to raise new matters or arguments that

could have been raised before the original decision was made.  *Bowers v. NCAA*, 130 F. Supp. 2d

610, 613 (D.N.J. 2001).  Nor is a motion for reconsideration an opportunity to ask the Court to

rethink what it has already thought through.  *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp.

1311, 1314 (D.N.J. 1990).  Thus, a motion for reconsideration may be granted only if there is a

dispositive factual or legal matter that was presented but not considered which would have

reasonably resulted in a different conclusion by the court.  *Champion Labs., Inc. v. Metex Corp.*,

677 F. Supp. 2d 748, 750 (D.N.J. 2010).

## III.   ANALYSIS

Plaintiff has not presented any new factual or legal matters to the Court in asking for

reconsideration.  It is axiomatic that "[m]ere 'disagreement with the Court's decision' does not

suffice" as a valid basis for reconsidering the Court's previous ruling.  *Leja v. Schmidt Mfg., Inc.*,

743 F. Supp. 2d 444, 456 (D.N.J. 2010) (quoting *P. Schoenfeld Asset Mgmt., LLC v. Cendant

Corp.*, 161 F. Supp.2d 349, 353 (D.N.J. 2001)).  At the time that the Court originally decided

Dow Jones' motion to dismiss and Plaintiff's cross-motion to amend, the Court was not

convinced that a flood occurring after the date that Plaintiff initially claimed to have received his

3

right-to-sue letter served as a valid basis for equitable tolling.  Plaintiff has not presented any new evidence that was previously unavailable that would indicate that this was an improper conclusion.  As another district court in the Third Circuit has stated: "[Plaintiff] is bound by the admissions made in his original complaint and cannot simply erase these details by omitting them from his amended complaint."  *Davis v. Williamson*, No. 08-2009, 2009 U.S. Dist. LEXIS 3547, at *10 n.4 (M.D. Pa. Jan. 20, 2009).

## IV.    CONCLUSION

For the reasons stated above, it is on this 7th day of May, 2012,

ORDERED that Plaintiff's Motion for Reconsideration [18] is DENIED; and it is

ORDERED that this case is CLOSED.

 */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.